UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANTOINE GREGORY HILL, )<br>)<br>Defendant. ) | Case No. 5:08-cr-00095-GFVT-MAS<br><br>**ORDER** |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew Stinnett. [R. 101.] In 2008, Judge Hood sentenced Defendant Antoine Hill to 140 months of imprisonment followed by five years of supervised release after he pleaded guilty to possession with intent to distribute cocaine base, possession of a firearm in furtherance of drug trafficking, and escape. *Id.* at 2. The United States Probation Office charges Mr. Hill with two violations of his terms of supervision: (1) failing to follow the instructions of the probation officer by not returning to the probation office or court as described above and (2) committing another federal, state, or local crime. *Id.* at 3-4. Both are Grade C violations. *Id.*

Mr. Hill appeared before Judge Stinnett for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 96.] During the hearing, Mr. Hill competently, knowingly, voluntarily, and intelligently waived his rights to a preliminary hearing. *Id.* On May 4, 2023, Mr. Hill appeared before Judge Stinnett for his final hearing. [R. 99.] Here, Judge Stinnett found that Mr. Hill "competently, knowingly, voluntarily, and intelligently" stipulated to the charged violations. *Id.*

After hearing the parties' arguments, Judge Stinnett issued a Report and Recommendation in which he evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. [R. 101.] Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 9; *see* 28 U.S.C. § 636(b)(1).

Mr. Hill responded that he "does not want to object to Magistrate Judge Stinnett's Recommendation but instead requests" that he "be allowed to finish his sentence [at the Bourbon County Jail] or at the nearby jail in Woodford County." [R. 102.] Moreover, Mr. Hill waived his right to allocution. *Id.* Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 101]** is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Hill is found **GUILTY** of the above violations;

2

3. Mr. Hill's supervised release is **REVOKED**;

4. Mr. Hill is **SENTENCED** to a term of incarceration of **eight months**;

5. The Court **RECOMMENDS** that Mr. Hill be allowed to serve his sentence at the Bourbon County or Woodford County jail; and

6. Judgment shall enter promptly.

This the 25th day of July, 2023.

Gregory F. Van Tatenhove
United States District Judge